UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JOHN RICHARDS HOMES BUILDING
COMPANY, L.L.C.
_____/

CIVIL CASE NO. 06-14356

HONORABLE STEPHEN J. MURPHY, III

JOHN RICHARDS HOMES BUILDING
COMPANY, L.L.C,

BANKR. CASE NO. 02-54689

      Appellant,

v.

KEVIN ADELL,

      Appellee.
_____/

## **ORDER REVERSING THE DECISION OF THE BANKRCUPTCY COURT**

### INTRODUCTION

The appellant John Richards Homes Building Co., L.L.C ("JRH") has appealed a September 21, 2006 order of the United States Bankruptcy Court for the Eastern District of Michigan. The bankruptcy appeal was referred for a Report and Recommendation ("R&R") to the Honorable Virginia M. Morgan, United States Magistrate Judge. On November 19, 2008, the magistrate judge issued her R&R, recommending that the decision of the bankruptcy court be affirmed on the question of punitive damages, or, in the alternative, that the case be remanded for a decision as to whether sanctions were merited with respect to the appellee Kevin Adell's actions in other courts. At that time, the magistrate judge notified the parties that any objections must be filed within ten days of service. Both the appellant JRH and the appellee Kevin Adell filed objections.

Shortly before the magistrate judge issued her R&R, Adell filed a motion for partial dismissal of the appeal. Since the motion for partial dismissal was related to the underlying issues in the bankruptcy appeal, the motion was referred to the magistrate judge. On March 12, 2009, the magistrate judge issued a second R&R recommending that the motion for partial dismissal be denied. Adell filed objections to this second R&R.

For the reasons stated below, the Court overrules both sets of objections filed by Adell and sustains the set of objections filed by JRH. Accordingly, the Court declines to adopt the R&R, and reverses the decision of the bankruptcy court, remanding this case for a decision on the merits of the request for punitive damages.

## STANDARD OF REVIEW

The Court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections. If a party objects to portions of the Report and Recommendation, the Court reviews those portions de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(c). Here, the appellant JRH and the appellee Adell have filed objections; accordingly, a de novo review is required.

When a bankruptcy court decision is appealed to the district court, the bankruptcy court's findings of fact are reviewed under a "clearly erroneous" standard, while the

bankruptcy court's legal conclusions are reviewed de novo. *Investors Credit Corp. v. Howard P. Batie (In re Batie)*, 995 F.2d 85, 88 (6th Cir. 1993).

ANALYSIS

This case involves a lengthy and complicated legal battle between JRH and Kevin Adell which has spanned many years and many jurisdictions. The dispute now before the Court arises out of a June 2002 involuntary bankruptcy petition filed by Adell against JRH in the United States Bankruptcy Court for the Eastern District of Michigan. In that case, based on a series of egregious actions on the part of Adell, the bankruptcy court ruled that Adell had filed the involuntary petition in bad faith. As a result, the bankruptcy court dismissed the involuntary petition. Upon the dismissal of the involuntary petition, the bankruptcy court awarded judgment in JRH's favor and against Adell in the following manner: $4,100,000 in compensatory damages, $2,000,000 in punitive damages, and $313,230.68 in attorney fees and costs. This judgment was later affirmed by the United States District Court for the Eastern District of Michigan and the United States Court of Appeals for the Sixth Circuit.

Following the entry of the judgment, Adell allegedly attempted to avoid payment of the judgment by, among other things, using his Michigan assets to purchase a $2.8 million Florida house, unsuccessfully claiming Florida's homestead exemption, filing for Chapter 11 bankruptcy in a Florida bankruptcy court, and then later converting his Florida Chapter 11 bankruptcy case to a Chapter 7 case. After all of the actions in Florida were dismissed, Adell paid the judgment in full on April 3, 2006.

On April 13, 2006, JRH filed a "Motion for Assessment of Additional Punitive Damages" in the Michigan bankruptcy court seeking additional punitive damages for Adell's

conduct occurring after the dismissal and judgment in the original involuntary petition. The bankruptcy court denied the motion, stating:

> The Court declines to sanction Adell, either pursuant to any inherent power it may have or pursuant to § 105. Contrary to JRH's assertion, the Court did not order Adell to pay JRH $6.413 million. The Court entered a judgment for that amount. A money judgment is not a court order. To the extent that Adell's conduct in the various courts warrants sanctions, JRH is free to seek redress in those courts.

*In re John Richards Homes, Co., L.L.C.*, No. 02-54689-R, 2006 WL 3230009, at *2 (Bankr. E.D. Mich. Sept. 21, 2006). The appellant JRH appealed that decision, arguing that the bankruptcy court erred when it ruled that it did not have the authority to sanction Adell. In her R&R, the magistrate judge found that the bankruptcy court had declined to sanction Adell as a matter of discretion and not as a matter of law, that there was no abuse of discretion here, and thus, the bankruptcy court decision should be affirmed. JRH filed objections to this portion of the magistrate judge's R&R. The magistrate judge also made an alternative ruling, holding that if the bankruptcy court did not sanction Adell as a matter of discretion but because it thought it had no authority to do so, the bankruptcy decision should be partially reversed and remanded for a decision on the merits with respect to Adell's actions in other courts. Adell filed objections to this particular ruling of the magistrate judge, arguing that the bankruptcy court does not have jurisdiction to consider a request for punitive damages made after the dismissal of the involuntary petition and after satisfaction of the judgment and that the Florida bankruptcy court decision denying punitive damages has a preclusive effect.

The Court has conducted a de novo review of the record, including the extensive briefings submitted by the parties. Upon this review of the record and of the relevant case

4

law, the Court finds that Adell's objections are without value and that JRH's objections have merit, as explained below.

As a preliminary matter, the Court finds that, contrary to Adell's position, the bankruptcy court has jurisdiction to consider a request for punitive damages even after the dismissal of the involuntary petition and payment of the judgment. The consideration of sanctions is a core proceeding arising in a case under title 11, as described by 28 U.S.C. § 157, as it is inextricably intertwined with the bankruptcy case itself, which is undoubtedly a core proceeding. Also, "bankruptcy courts retain jurisdiction over core proceedings beyond the dismissal or closure of the underlying bankruptcy case." *In re Williams*, 256 B.R. 885, 892 (B.A.P. 8th Cir. 2001). Adell's argument that a bankruptcy court loses jurisdiction to consider sanctions once dismissal of the underlying case occurs or once satisfaction of the judgment occurs is entirely unpersuasive, and in the Court's opinion, contrary to the relevant case law as cited in the magistrate judge's first R&R.

Satisfied that the bankruptcy court has jurisdiction to consider a request for punitive damages after the dismissal and satisfaction of the judgment of an involuntary petition, the Court now turns to the merits of the bankruptcy appeal. As mentioned above, when the bankruptcy court declined to sanction Adell, the bankruptcy court gave the following reason for its denial:

> Contrary to JRH's assertion, the Court did not order Adell to pay JRH $6.413 million. The Court entered a judgment for that amount. A money judgment is not a court order. To the extent that Adell's conduct in the various courts warrants sanctions, JRH is free to seek redress in those courts.

*In re John Richards Homes, Co., L.L.C.*, 2006 WL 3230009, at *2. From this language, the magistrate judge concluded that the bankruptcy court had exercised its discretion in

deciding not to issue sanctions. The Court disagrees with the magistrate judge's interpretation and instead concludes that the bankruptcy court believed that it could not award sanctions as a matter of law.

It is important to remember that JRH has alleged in its motion for punitive damages that Adell unlawfully and fraudulently attempted to avoid satisfying the legally-binding judgment. When giving its reasons for the denial of sanctions, the bankruptcy court stated that the judgment was not an order. The Court concludes that the most natural interpretation of this language is that the bankruptcy court believed that since Adell's allegedly egregious conduct was a violation of a judgment, and thus not literally a violation of a court's order, sanctions against Adell were improper. This interpretation of the bankruptcy court's belief is confirmed by the bankruptcy court's suggestion to JRH to seek redress elsewhere. Moreover, as JRH persuasively notes in its objections, the bankruptcy court neglected to conduct an evidentiary hearing or to issue any findings as to why sanctions were not appropriate, which, though not required, generally occurs when a court uses its discretion and makes a decision on the merits. Consequently, upon reviewing the bankruptcy court's order, the Court is convinced that the bankruptcy court believed that it could not consider JRH's request for punitive damages, and thus denied the request for sanctions as a matter of law, and not as a matter of discretion.

This position held by the bankruptcy court is in error. Bankruptcy courts, like all courts, have an inherent power to issue sanctions, as explained by the United States Supreme Court in the *Chambers* case. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (U.S. 1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and

submission to their lawful mandates.") (quoting *Anderson v. Dunn*, 19 U.S. 204, 6 Wheat. 204, 227, 5 L. Ed. 242 (1821)). The Sixth Circuit Court of Appeals has similarly stated that "[b]ankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct." *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 477 (6th Cir. 1996). Contrary to the assumption of the bankruptcy court, the inherent power to issue sanctions is not limited to only those instances where a party violates a court order. "The federal courts' inherent power to protect the orderly administration of justice and to maintain the authority and dignity of the court extends to a full range of litigation abuses." *Mitan v. Int'l Fid. Ins. Co.*, 23 Fed. Appx. 292, 298 (6th Cir. 2001) (ruling that a court can award sanctions "when bad faith occurs").

In addition to the inherent authority to issue sanctions as explained in *Chambers*, 11 U.S.C. § 105(a) grants to federal bankruptcy courts the authority to issue sanctions. "The clear language of 11 U.S.C. § 105(a) grants this Court significant equitable powers as well as latitude in framing the relief necessary to carry out both the specific provisions of the statute as well as its philosophical underpinnings." *In re Ludwick*, 185 B.R. 238, 245 (Bankr. W.D. Mich. 1995).

Consequently, this Court finds that bankruptcy courts have both an inherent and a statutory power to issue sanctions. This power to grant sanctions is not limited to instances where a party abuses a court's order, but can be applied to all instances of "conduct which abuses the judicial process," including conduct which occurred in other courts. *Id.* Here, JRH has alleged that Adell acted egregiously by improperly shifting his Michigan assets to a Florida home and by unreasonably filing bankruptcy cases and pursuing appeals, all in an attempt to drain JRH's resources and to avoid satisfying the legally-binding judgment.

This alleged abuse of the judicial process by Abell can properly be considered by the bankruptcy court. Therefore, the bankruptcy court decision is in error and JRH's request for punitive damages should be considered on its merits.

In the magistrate judge's R&R, the magistrate judge suggests that when considering whether sanctions are warranted, a bankruptcy court should not consider Adell's appeals of the initial bankruptcy case. In support for this position, the magistrate judge argues that an appellate court is generally better qualified to determine whether an appeal is frivolous or deserving of sanctions. The Court disagrees with the conclusion of the magistrate judge, as neither the *Chambers* case nor the language of 11 U.S.C. § 105 explicitly indicate any limitation, forbidding a court from issuing sanctions for an improper appeal. The Court does note, however, that a bankruptcy court should use great discretion when considering whether an appeal is an abuse of the judicial process, because parties have a right to appeal and because the bankruptcy court may not be in the best position to make an equitable determination whether the appeal is frivolous or deserving of sanctions.

In his motion for partial dismissal of the appeal, Adell argues that a recent decision by the Eleventh Circuit Court of Appeals regarding the Florida bankruptcy court proceedings has res judicata or collateral estoppel effect on a portion of the current claim for punitive damages. In the Florida bankruptcy court, JRH filed a motion for sanctions pursuant to the court's inherent power and 11 U.S.C. § 105(a), on the basis that Adell has filed his Florida bankruptcy case in bad faith. The Florida bankruptcy court denied the motion for sanctions, and this decision was affirmed by the United States District Court and the Eleventh Circuit Court of Appeals. Adell argues, therefore, that any claim for punitive damages arising out conduct in the Florida court proceeding is precluded from

8

consideration in the current case.

In her second R&R, the magistrate judge concluded that Adell had waived his preclusion argument by failing to raise it in timely manner and by failing to address it adequately in the motion, and that in the alternative, preclusion does not apply.

The Court has conducted a de novo review of Adell's motion for partial dismissal. Without ruling on whether Adell's motion was untimely or inadequate, the Court finds that the principles of res judicata and collateral estoppel do not apply in the current situation before the Court. In this case, JRH is arguing that sanctions are merited for Adell's post-judgment conduct, while in the Florida bankruptcy proceeding, JRH argued that Adell had filed his bankruptcy petitions in bad faith. The Court therefore finds that the current question whether Adell's post-judgment conduct merits sanctions is not an issue which was litigated or could have been litigated in the Florida bankruptcy proceeding. *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 577-78 (6th Cir. 2008). Collateral estoppel is similarly inapplicable because the precise issue regarding sanctions was not raised and actually litigated in the Florida bankruptcy proceeding. *Kosinski v. Comm'r of Internal Revenue*, 541 F.3d 671, 675 (6th Cir. 2008). Accordingly, the Court overrules Adell's objections to the magistrate judge's second R&R and denies the motion for partial dismissal.

The Court notes, however, that "bankruptcy courts are courts of equity with the power to apply flexible equitable remedies in bankruptcy proceedings." *Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair, Inc. (In re Trailer Source, Inc.)*, 555 F.3d 231, 242 (6th Cir. 2009) (citing *Young v. United States*, 535 U.S. 43, 50 (2002)). Even though claim or issue preclusion is not directly applicable here, it is clear that the Michigan and Florida

proceedings are closely related. In determining the appropriate equitable relief for JRH's request for punitive damages, a bankruptcy court should carefully consider all the circumstances surrounding the issue of punitive damages, including the actions of the Florida courts. The Court believes that the failure to consider whether punitive damages were recovered or denied elsewhere in proceedings related to the current case may amount to an abuse of discretion.

## CONCLUSION

In conclusion, the Court finds that the bankruptcy court erred when ruling that it did not have the authority to grant punitive damages. The Court thus reverses the decision of the bankruptcy court and remands the case for a decision on the merits of JRH's motion for an assessment of additional punitive damages. Of course, the bankruptcy court should, in its discretion, consider all relevant circumstances including what transpired between the parties in the Florida court proceedings, in making an equitable determination whether punitive damages are warranted.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the appellee's objections [docket entry #44] to the second R&R are **OVERRULED**, that the second R&R [docket entry #43] is **ADOPTED and ACCEPTED** as the opinion of this Court in a manner not inconsistent with this Order, and that the appellee's motion for partial dismissal [docket entry #27] is **DENIED**.

**IT IS FURTHER ORDERED** that the appellee's objections [docket entry #30] to the first R&R are **OVERRULED**, that the appellant's objections [docket entry #31] to the first R&R are **SUSTAINED**, and that the first R&R [docket entry #28] is **NOT ADOPTED** by the

Court.

**IT IS FURTHER ORDERED** that the decision of the bankruptcy court is **REVERSED** and that this case is **REMANDED** to the bankruptcy court for a decision on the merits of the appellant's "Motion for Assessment of Additional Punitive Damages."

**SO ORDERED.**


        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: March 30, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2009, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager